■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM RICE, Appellant.—                All concur, except Williams, P. J., who dissents and votes to reverse and to remit for a hearing, in the following memorandum: I must dissent. The prisoner says that during his conferences with his attorney prior to his arraignment, a Deputy Sheriff was "within hearing distance." While this phrase, "within hearing distance", does not define the actual dis-

tance, the assumption most favorable to the petitioner is that he heard or might well have heard what was being said. Of course the mere fact of his presence and the possibility of his hearing would undoubtedly have some effect on the free and complete exchange of information between the accused and his attorney. This, of course, would amount to a deprivation of a constitutional and valuable right. The case of *People* v. *Cooper* (307 N. Y. 253) is not parallel. In that case there was no showing that the attorney and client had any reason to believe that the deputy would or could understand them. In other words, there was nothing to show that his presence affected, thwarted or narrowed a complete exchange of ideas. In the present case the prisoner probably could have assumed that the Deputy Sheriff would hear and understand and would undoubtedly guard his statements accordingly. The order should be reversed and the case remitted for proof as was done in the first *Cooper* case (306 N. Y. 867). (Appeal from order of Onondaga County Court denying without a hearing a writ of error *coram nobis*.) Present — Williams, P. J., Goldman, McClusky and Henry, JJ.